**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PORTIA DOWD, individually ) <br> and on behalf of all others similarly situated, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CMAC VENTURES LLC, ) <br> d/b/a BRIGHTSTAR OF CHICAGO, ) <br> ) <br> Defendant. ) | CLASS ACTION COMPLAINT <br><br> (Jury Trial Demanded) |

**CLASS ACTION COMPLAINT**

Plaintiff, Portia Dowd, on behalf of herself and all others similarly situated, complains against CMAC Ventures LLC, d/b/a Brightstar of Chicago, as follows:

**Introduction**

1. Portia Dowd ("Dowd") brings this class action for monetary damages and other relief on behalf of all persons whose rights under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b(b)(3), were violated by Defendant, CMAC Ventures LLC. d/b/a Brightstar of Chicago ("Brightstar"), on or after August 31, 2010. Brightstar took adverse action against Dowd based on a criminal background check report procured for employment purposes without first providing Dowd: (a) a pre-adverse action disclosure that included a copy of Dowd's consumer report, (b) a description in writing of Dowd's rights under the FCRA; and (c) a pre-adverse action opportunity to dispute the accuracy of the reported information. Criminal background check reports that employers obtain from consumer reporting agencies are considered consumer reports for purposes of the FCRA. 15 U.S.C. § 1681(d).

**Parties**

2. Dowd is a resident of the Northern District of Illinois and Cook County. She is a consumer as that term is defined by FCRA. 15 U.S.C. § 1681a(c).

3. Defendant Brightstar is an Illinois LLC that provides in-home health care services to its clients. At all relevant times, Brightstar has been a "person" within the meaning of the Fair Credit Reporting Act. 15 U.S.C. § 1681a(b).

**Jurisdiction and Venue**

4. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

5. Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

**Factual Allegations**

6. In July 2012, Dowd applied for employment with Brightstar.

7. In July 2012 Brightstar procured a consumer report about Dowd for employment purposes from a company named Intellicorp to evaluate whether Dowd's criminal record prevented her from working for Brightstar.

8. Before it procured the consumer report, Brightstar certified to Intellicorp that it would provide a copy of the report to Dowd if it used the consumer report to deny her employment. *See* 15 U.S.C. § 1681b(b)(1).

9. Brightstar procured a consumer report about Dowd from a consumer reporting agency named Intellicorp to evaluate whether Dowd's criminal record prevented her from working for Brightstar.

10. The Intellicorp consumer report revealed criminal record information about Dowd.

11. In July 2012, Brightstar took adverse action against Dowd based in whole or in part on the consumer report that it procured from Intellicorp.

12. Brightstar informed Dowd that she was not eligible to work for Brightstar because of her criminal record.

13. Before Brightstar took adverse action against Dowd, it did not provide her a copy of the Intellicorp consumer report, a description in writing of her rights under the FCRA, or an opportunity to dispute the accuracy of the information contained in the Intellicorp consumer report.

14. After Brightstar rejected Dowd for employment based on a consumer report, Dowd requested a copy of her consumer report from Brightstar, but a manager informed her that the company could not provide her a copy of the report.

15. By taking adverse action against Dowd based on a consumer report without first providing her a copy of her consumer report, a description in writing of her rights under the FCRA, or an opportunity to dispute the accuracy of the information contained in the consumer report, Brightstar acted in reckless disregard of Dowd's FCRA rights.

16. In July 2012, Brightstar had a practice or policy of taking adverse action against job applicants based on consumer reports without first providing them a copy of their consumer report, a description in writing of their rights under the FCRA, and an opportunity to dispute the accuracy of the information contained in their consumer report.

**Fair Credit Reporting Act Requirements**

17. Under the FCRA, before a company takes adverse action against a consumer based on information contained in a consumer report obtained for employment purposes, the company must first provide the consumer: (a) a pre-adverse action disclosure that includes a copy of the individual's consumer report; (b) a description in writing of the individual's rights under the FCRA; and (c) a pre-adverse action opportunity to dispute the accuracy of the reported information. 15 U.S.C. § 1681b(b)(3).

18. Pursuant to the FCRA, a criminal background check report that is obtained for employment purposes is considered a consumer report. *See* 15 U.S.C. § 1681a(d). Pursuant to the FCRA, an "adverse action" includes "a denial of employment or any other decision for employment purposes that adversely affects any current or prospective employee." 15 U.S.C. § 1681a(k).

19. On information and belief, Brightstar has a policy and practice of requesting that Intellicorp and other consumer reporting agencies provide it with consumer reports for employment purposes and of taking adverse employment action based on information contained in those consumer reports without first providing consumers: (a) a pre-adverse action disclosure that includes a copy of the individual's consumer report; (b) a description in writing of the individual's rights under the FCRA; and (c) a pre-adverse action opportunity to dispute the accuracy of the reported information.

**Class Action Allegations**

20. Dowd brings this lawsuit pursuant to Federal Rule of Civil Procedure 23, on behalf of herself and all other individuals who, on or after August 31, 2010, suffered adverse

action based in whole or in part on information contained in consumer reports that Brightstar obtained for employment purposes.

21. The class defined above satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Rule 23. The class is so numerous and geographically dispersed that joinder of all members is impracticable, and the disposition of their claims in a class action will provide substantial benefits to both the parties and the Court.

22. Common questions of law and fact predominate over individual issues affecting only individual class members. The common questions of law and fact include, among others, the following:

    a. whether Brightstar failed to provide class members with a pre-adverse action disclosure containing a copy of the employee's consumer report that Brightstar obtained from the consumer reporting agency and a description in writing of the employee's rights under the FCRA;

    b. whether Brightstar failed to provide class members with a pre-adverse action opportunity to dispute the accuracy of the reported information;

    c. whether Brightstar's actions as described above constitute violations of the FCRA;

    d. whether Brightstar's actions were willful; and

    e. whether Brightstar engaged in a policy or practice of taking adverse action against consumers based on consumer reports without first providing class members with a pre-adverse action disclosure containing a copy of the consumer report and a description in writing of the consumer's rights under the FCRA.

23. Dowd will fairly and adequately protect the interests of all class members. Dowd is a member of the class, and her claims are typical of the claims of all class members. Dowd's interest in obtaining monetary relief for Brightstar's violations of the class members' rights are consistent with and are not antagonistic to those of any person within the class. Dowd has retained counsel competent and experienced in complex and class action litigation, including FCRA class action litigation.

5

24. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because it will:

   a. avoid the heavy burden of multiple, duplicative suits;

   b. avoid the virtually impossible task of getting all class members to intervene as party-plaintiffs in this action;

   c. allow the Court, upon adjudication of defendant's liability, to determine the claims of all class members; and

   d. allow the Court to enter appropriate final monetary relief with respect to the class as a whole.

### Count One – Brightstar's FCRA violations

25. Plaintiff realleges and incorporates by reference paragraphs 1-24 of this Complaint as if fully set forth herein.

26. Brightstar willfully failed to provide Dowd and members of the plaintiff class, as required by 15 U.S.C. § 1681b(b)(3), (a) a pre-adverse action disclosure containing a copy of the their consumer report; (b) a description in writing of their rights under the FCRA; and (c) a pre-adverse action opportunity to dispute the accuracy of the reported information.

27. Brightstar's willful violations of 15 U.S.C. § 1681b(b)(3) have caused damages to Dowd and members of the plaintiff class for which damages Brightstar is liable under 15 U.S.C. § 1681n.

### Prayer for Relief

WHEREFORE, Plaintiff respectfully requests, on behalf of herself and the class she seeks to represent, that this Court:

   A. Certify this action as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of the proposed plaintiff class and designate Dowd representative of the class and her counsel of record as class counsel;

B. Award statutory and punitive damages against Defendant to Plaintiff and members of the plaintiff class, as provided in 15 U.S.C. § 1681n, for Defendant's failure to provide them a copy of their consumer report before taking adverse action against them based in whole or in part on consumer reports.

C. Award statutory and punitive damages against Defendant to Plaintiff and members of the plaintiff class, as provided in 15 U.S.C. § 1681n, for Defendant's failure to provide them a summary of their FCRA rights before taking adverse action against them based in whole or in part on consumer reports.

D. Award Plaintiff and members of the plaintiff class their attorneys' fees pursuant to 15 U.S.C. § 1681n;

E. Award Plaintiff and members of the plaintiff class their costs pursuant to 28 U.S.C. § 1920; and

F. Grant all such additional relief as the Court deems appropriate.

## Jury Demand

Plaintiff demands trial by jury on all issues as to which a jury trial is available.

Respectfully submitted,

s/ Christopher J. Wilmes
One of the Attorneys for Plaintiffs

Matthew J. Piers (IL Bar # 2206161)
Christopher J. Wilmes (IL Bar # 6287688)
HUGHES SOCOL PIERS RESNICK & DYM, LTD.
Three First National Plaza
70 West Madison Street, Suite 4000
Chicago, Illinois 60602
(312) 580-0100